2025 IL App (2d) 240789-U
No. 2-24-0789
Order filed March 18, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-2650 |
| | ) ) | Honorable |
| NARIMAN KHATAMOV, | ) ) | Salvatore LoPiccolo, Jr., and David P. Kliment, |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Kennedy and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in ordering defendant's pretrial detention where the State proved that defendant committed detainable offenses, posed a real and present risk of danger to the community, and no conditions of release could mitigate that risk.

¶ 2    Defendant, Nariman Khatamov, appeals from the trial court's order denying his pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023).  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of Public Act 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).  We affirm.

¶ 3                               I. BACKGROUND

¶ 4      Defendant was charged with 18 counts related to a single-vehicle crash resulting in the death of a passenger that occurred on December 7, 2024.  Those charges included two counts of aggravated driving under the influence of alcohol (DUI)—crash causing death (625 ILCS 5/11-501(d)(1)(F) (West 2022)) (class 2 felony) and reckless homicide—motor vehicle (720 ILCS 5/9-3(a) (West 2022)) (class 3 felony).

¶ 5      On December 9, 2024, the State filed a verified petition to deny defendant pretrial release. 725 ILCS 5/110-6.1 (West 2022).  That same day, the trial court conducted a pretrial detention hearing.  At the hearing, the State admitted into evidence the police synopsis from the North Aurora police department and a certified driving abstract from the Secretary of State.

¶ 6      The synopsis indicated that police found a car that crashed into a tree.  After approaching the car, police detected a strong odor of alcohol coming from the vehicle.  Police found defendant in the driver's seat and the victim, Morlud Mirzayev, in the front passenger seat.  The victim appeared to be in distress and not breathing normally but defendant told police that the victim was just sleeping and to leave him alone.  During this interaction, defendant told police that his name was Achmed and that the victim's name was Syed.  An officer removed the victim from the vehicle and began performing CPR.  Defendant exited the vehicle and walked to the passenger side.  The officer could smell a strong odor of alcohol coming from defendant's "facial region."  Defendant was not steady on his feet and fell down next to where the officer was performing CPR.  Other officers removed defendant from the area.

¶ 7      Both defendant and the victim were transported to a local hospital.  At the hospital, the victim was pronounced dead due to injuries suffered in the crash.  Hospital staff and police attempted to learn more information from defendant through a Russian language interpreter.

Defendant provided variations of his name and date of birth but could not provide any information about the victim. Hospital staff indicated that defendant's blood alcohol level was .188. The synopsis noted that it was unknown whether the blood serum was removed, but that after calculations for serum, defendant's blood alcohol level would be around .15.

¶ 8 After being discharged from the hospital, defendant was brought to the North Aurora police station. Police again spoke to defendant through a Russian language interpreter. Defendant said that he and the victim were coworkers and friends. He received a phone call from the victim asking to be picked up from work. Defendant admitted that he drank two to three shots of Hennessy brand cognac alcohol. He brought the bottle with him so that the victim could drink it when they arrived at the victim's residence. While defendant said he could not remember the crash, he remembered that he was "driving on his phone," his music was loud, and he lost control of the vehicle.

¶ 9 The driving abstract indicated that defendant was never issued a driver's license in Illinois. Defendant had two convictions in 2024 for driving without a license or permit. Defendant also had a 2024 conviction for operating an uninsured motor vehicle. Any driving privileges defendant possessed were suspended as a result of this conviction. In addition, defendant was involved in a collision involving property damage in January 2024.

¶ 10 Additionally, the State proffered that a witness told police that he was driving on the road when defendant drove past. The witness said that he was driving between 30 to 40 miles per hour, but defendant's car was moving at such a speed that the witness said it felt like his car was not moving. The road had a 35 mile per hour speed limit. The State also proffered that defendant had a pending criminal case in Kane County, for criminal damage to property, a class 4 felony (720 ILCS 5/21-1(a)(1) (West 2022)) (case no. 24-CF-2294).

¶ 11　　Defendant proffered that he was 30 years old and worked at GPL Trucking. He lived with his wife and four children, whom he supported. His wife was also pregnant with a fifth child. She did not work outside the home.

¶ 12　　After the hearing, the trial court granted the State's petition. It found that the evidence presented by the State clearly and convincingly proved that defendant committed aggravated DUI – crash causing death and reckless homicide, that he was a danger to the community, and that no conditions of release, such as electronic home monitoring (EHM) or a SCRAM bracelet, could adequately mitigate the danger. Following the denial of his motion for relief from pretrial detention, defendant timely appealed.

¶ 13　　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　　We review the denial of a defendant's pretrial release *de novo* where, as here, the parties relied solely on documentary evidence and no live testimony was presented. *People v. Morgan*, 2025 IL 130626, ¶ 22; *People v. Lopez*, 2025 IL App (2d) 240709, ¶ 18. Under *de novo* review, "we perform the same analysis that the trial [court] would perform using the proper standards." *People v. Ruhl*, 2021 IL App (2d) 200402, ¶ 69.

¶ 15　　Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact

as to the truth of the proposition in question ***." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 16    Defendant did not file a memorandum, so his motion for relief serves as his argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). The State argues that defendant waived his arguments on appeal because the motion for relief does not "contain sufficient detail to enable meaningful appellate review." *Id.* The State bases this argument on three paragraphs in the motion that generally assert the State did not meet its burdens of proof under the Code, but do not contain any further argument, facts, or citations to the record. However, we find that the motion for relief as a whole and the transcript of the oral argument on the motion in the trial court provide sufficient detail of defendant's arguments. Nevertheless, defendant's arguments are without merit.

¶ 17    First, we reject defendant's argument that the State did not prove that he committed the charged offenses. Police found defendant inside the vehicle with the victim following the crash. He smelled of alcohol and had a blood alcohol level of at least .15. Police observed that the defendant was unable to stand, and he fell to the ground. Defendant admitted to consuming Hennessey and bringing the bottle of alcohol with him in the car. He also admitted to using his phone while driving and losing control of the vehicle. The victim died as a result of the car crash. Thus, the State provided clear and convincing evidence that the proof is evident and the presumption is great that defendant committed detainable offenses. See 725 ILCS 5/110-6.1(a)(6.5) (West 2022) (identifying aggravated DUI leading to death as a detainable offense).

¶ 18    We also reject defendant's contention that he poses no risk to the community. Defendant has demonstrated a repeated inability to abide by the laws of the state, especially driving laws. Despite not having a valid license, defendant has continued to drive on at least three occasions within the same year. On one such occasion, defendant was involved in a crash involving property

damage. On the most recent occasion, defendant drove at a high speed while intoxicated resulting in the death of his friend. "[T]here can be no question that drivers under the influence of alcohol pose a substantial threat to the welfare of the citizenry of Illinois." *People v. Bartley*, 109 Ill. 2d 273, 285 (1985). Thus, given defendant's history of illegally and dangerously operating a vehicle, defendant poses a risk of danger to the community.

¶ 19   Finally, there are no conditions of release that could mitigate this threat. In the trial court, defendant argued that he should be released with an order not to drive without a license. However, a restriction against driving without a license already has not prevented defendant from doing so. Defendant also argued that he could be put on EHM or be required to wear a SCRAM bracelet as conditions of release. However, neither of these devices would adequately deter defendant from driving under the influence of alcohol or driving in general. Moreover, defendant committed the alleged acts in this case while on pretrial release in an unrelated felony case. Thus, given defendant's history of noncompliance, no conditions of release could adequately mitigate the danger he poses. Accordingly, we affirm the trial court's order denying defendant pretrial release.

¶ 20                                  III. CONCLUSION

¶ 21   For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

¶ 22   Affirmed.